# Third District Court of Appeal

## State of Florida

Opinion filed May 29, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2136
Lower Tribunal No. 14-30864
_____

**Adeena Weiss, etc., et al.,**
Appellants,

vs.

**Caroline Weiss, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Torricella Law, PLLC, and Maurice J. Baumgarten; Joel S. Perwin, P.A., and Joel S. Perwin, for appellants.

Schlesinger Law Group, and Michael J. Schlesinger; Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks, for appellees.

Before EMAS, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Fito v. Att'y's Title Ins. Fund, Inc., 83 So. 3d 755, 757 (Fla. 3d DCA 2011) ("A factual finding made by a trial court in a non-jury trial is clearly erroneous only when there is no substantial evidence to sustain it, it is clearly against the weight of the evidence or it was induced by an erroneous view of the law."); Sackett v. Shahid, 722 So. 2d 273, 276 (Fla. 1st DCA 1998) (explaining UCC and common law standard for transfer of stock of a closely held corporation and holding that "even if extrinsic evidence exists which might show that the Shahids intended Mrs. Shahid to possess a shareholder interest in Shoreline, because Mr. Shahid controlled the ability of Shoreline to issue shares of stock or transfer shares on its stock register, in the absence of any documentary evidence sufficient under chapter 678, the record evidence here is insufficient as a matter of law to establish transfer of the Shoreline stock to the Shahids as tenants by the entireties"); Guthartz v. Park Ctr. W. Corp, 409 F. App'x 248, 250 (11th Cir. 2010) (citing Sackett and explaining that: "Such requirements exist to prevent situations exactly like the one at bar: he said/she said lawsuits where one party asserts that a transfer was made based on some document not reflected in the corporate records.  These requirements apply with equal force to gifts.").